1
2
3
4
5
6
7
8
9

NOTE: CHANGES HAVE BEEN
MADE TO THIS DOCUMENT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| INTERTAINER, INC., | **CASE NO. SACV 11-01208 CJC (RNBx)** |
| Plaintiff, | |
| vs. | **[PROPOSED]** ~~STIPULATED~~ **PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION** |
| HULU, LLC, | |
| Defendant. | **JURY TRIAL DEMANDED** |

The Court enters the following Protective Order:

**Proceedings and Information Governed.**

    1.    This Protective Order ("Order") is made under Fed. R. Civ. P. 26(c). It governs any document, information, or other thing furnished by any party to any other party, and it includes any non-party who receives a subpoena in connection with this action. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for

-1-

production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given or filed in this action that are designated by a party as "Confidential Information" or "Confidential Attorney Eyes Only Information" in accordance with the terms of this Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information.**

2.     In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Order. Confidential information is trade secrets, proprietary information, and other highly confidential commercial information, or material required to be kept confidential by state or federal law.

3.     By designating a document, thing, material, testimony, or other information derived therefrom as "Confidential" under the terms of this Order, the party making the designation (the "Designating Party") is certifying to the Court that there is a good faith basis in the law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

4.     Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage documents shall designate all pages of the document as confidential, unless otherwise indicated by the Designating Party.

5.     The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "Attorneys' Eyes Only Material"), in the manner described in Paragraphs 3 and 4 above. Attorneys' Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to

outside counsel of record for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 11(b) through (f) below, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorneys' Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

6.    The parties may further designate certain source code of a highly confidential and/or proprietary nature as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" (hereinafter "AEO Source Code"), in the manner described in Paragraphs 3 and 4 above.  AEO Source Code, and the information contained therein, shall be disclosed only to the Court, to outside counsel of record for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 11(b)-(d), and (f) below, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of AEO Source Code is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

7.    Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

8.    Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

**Inadvertent Failure to Designate.**

9. The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the Designating Party from designating such information as confidential at a later date in writing and with particularity. The information must be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

**Inadvertent Disclosure of Privileged or Protected Information.**

10. Pursuant to Rule 502 of the Federal Rules of Evidence, the inadvertent production of documents subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection from disclosure will not waive the privilege or protection from disclosure. In addition, the parties agree that if a document subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection from disclosure is included in documents made available for inspection, such disclosure shall not be considered a waiver of the privilege or protection from disclosure. The Designating Party must notify the receiving party within seven (7) business days of becoming aware of the inadvertent disclosure of privileged or protected information. Upon a request from a party that has inadvertently produced any document that it believes is subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection from disclosure, each party receiving said document shall return it and all physical copies to the Designating Party immediately and destroy all electronic copies within ten (10) business days. Nothing herein shall prevent the receiving party from preparing a record for its own use containing the date, author, addressee(s), and topic of the document as would be required in a standard privilege log. Such a record of the identity and nature of a document may not be used for any purpose other than preparation of a motion to compel in this Action. Any other information

-4-

in the document may not be used for any purpose in this Action.  After the return of the document(s), the receiving party may challenge the Designating Party's claim(s) of privilege, protection, or work-product by making a motion to the Court. **Disclosure and Use of Confidential Information; Challenges to Designations.**

11.     Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to outside counsel of record for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a)     up to two (2) technical or business employees of the parties who are deemed necessary by outside counsel of record to aid in the prosecution, defense, or settlement of this action, who have indicated his or her agreement in writing to be bound by the terms of this Protective Order by executing the form of undertaking attached hereto as Exhibit A, the executed undertaking to be disclosed to the Designating Party and to be retained in the files of outside counsel to the party that designated the employee;

(b)     outside experts or consultants (together with their clerical staff) retained by such outside counsel of record to assist in the prosecution, defense, or settlement of this action ("Experts") who have complied with the provisions of Paragraph 13, below;

(c)     court reporter(s) employed in this action;

(d)     a witness during the course of a deposition or trial, provided that the witness is a current or former employee of the Designating Party; and

(e)     any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents;

(f)     any other person Designating Party agrees to provide a copy.

12.     Only qualified persons may attend depositions at which Confidential Material is used or discussed.

13.     Counsel desiring to disclose another party's Confidential Material to Experts referred to in Paragraphs 11(b) above shall first obtain a signed undertaking, in the form of Exhibit A attached hereto, from each such Expert, and such counsel shall retain in his/her files the original of each such signed undertaking. At least ten (10) calendar days prior to making such disclosure to an Expert, the person or party making such disclosure shall serve upon the Designating Party:

(a)     a copy of the signed undertaking by the Expert;

(b)     the identity of the Expert;

(c)     the identity of the present employer of the Expert;

(d)     a copy of the Expert's most recent CV.

14.     If the Designating Party does not convey an objection to the proposed disclosure within ten (10) calendar days of receipt of the written notification, the Designating Party will be deemed to have waived objection to the disclosure and its agreement will be assumed. If within ten (10) calendar days of receipt of the written notification, the Designating Party gives written notification of its objection to the disclosure to counsel desiring to make the disclosure, there shall be no disclosure to the Expert at issue until such objection is resolved. This written objection shall serve in lieu of the Local Rule 37-1 request letter, and shall state the reasons why the Designating Party believes such Expert should not receive Confidential Material. Following the provision of such written objection and attempt in good faith to informally resolve the dispute. If after the Local Rule 37-1 meet and confer conference the parties do not otherwise resolve the dispute, counsel for the party seeking to make the proposed disclosure must seek relief from the Court pursuant to Local Rule 37. The filing and pendency of any such

motion shall not limit, delay, or defer any disclosure of the Confidential Material to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery unless the motion and the inability to disclose confidential documents, testimony and information bear directly on the non-objecting party's ability to conduct such discovery.

15.   If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed with the Court, such papers shall be accompanied by an application to (a) file the confidential portions thereof under seal (if such portions are segregable), or (b) file the papers in their entirety under seal (if the confidential portions are not segregable). The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

16.   Confidential Information or Confidential Attorney Eyes Only Information may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

(a)   the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6);

(b)   the designating party is the person or is a party for whom the person is a director officer, employee, consultant or agent; or

(c)   counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information. Disclosure of material

-7-

pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

**Disclosure and Review of Source Code.**

17.    Any source code that is produced by Intertainer shall be made available for inspection in electronic format at the Santa Monica office of its outside counsel, Stradling Yocca Carlson & Rauth, or any other location mutually agreed by the parties.  Any source code that is produced by Hulu will be made available for inspection at the Los Angeles office of its outside counsel, O'Melveny & Myers LLP, or any other location mutually agreed by the parties. Prior to the first inspection of any requested piece of source code, the requesting party shall provide ten (10) days notice of any source code that it wishes to inspect that the Designating Party has already indicated is available for inspection. The requesting party shall provide thirty (30) days notice of any source code that it wishes to inspect that the Designating Party has not yet made available for inspection.  The requesting party shall provide ten (10) days notice prior to any additional inspections.

18.    Source code  designated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Designating Party:

a.    All source code shall be made available by the Designating Party to the receiving party's outside counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any source code outside or away from the computer on which the source code is provided for inspection (the "Source Code Computer").    The Designating Party shall install tools that are sufficient for viewing and searching the

-8-

source code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Designating Party's business. The receiving party's outside counsel and/or experts may request that commercially available software tools for viewing and searching source code be installed on the secured computer, provided, however, that (a) the receiving party possesses an appropriate license to such software tools; (b) the Designating Party approves such software tools (which approval shall not be unreasonably withheld); and (c) such other software tools are reasonably necessary for the receiving party to perform its review of the source code consistent with all of the protections herein.  The receiving party must provide the Designating Party with the CD or DVD containing such licensed software tool(s) at least ten (10) days in advance of the date upon which the receiving party wishes to have the additional software tools available for use on the Source Code Computer.

b.     No recording devices, cell phones, cameras, peripheral equipment, laptops, drives, CDs, DVDs, memory, sound recorders, or recordable media will be permitted inside the source code review room. The receiving party's outside counsel and/or experts shall be entitled to take notes relating to the source code but may not copy the source code into the notes and may not take such notes electronically on the Source Code Computer itself or any computer that is connected to any network.  Further, no copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.  The Designating Party may visually monitor the activities of the receiving party's representatives during any source code review, but only to ensure that no unauthorized electronic records of source code, or information about the source code, are being

1    created or transmitted in any way.

2          c.      The Designating Party shall make available a laser printer with

3    commercially reasonable printing speeds for on-site printing during

4    inspection of the source code and which shall be loaded with paper that shall

5    have on each page a unique Bates number and the label "HIGHLY

6    CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE

7    CODE".  The receiving party may print portions of the source code only

8    when reasonably necessary to facilitate the receiving party's preparation of

9    court filings, expert reports, and related drafts and correspondences

10   ("permitted purpose"), and shall print only such portions as are relevant to

11   the claims and defenses in the case and are reasonably necessary for such

12   permitted purpose.  The receiving party shall not print source code in order

13   to review blocks of source code elsewhere in the first instance, i.e., as an

14   alternative to reviewing that source code electronically on the Source Code

15   Computer, as the parties acknowledge and agree that the purpose of the

16   protections herein would be frustrated by printing portions of code for

17   review and analysis elsewhere, and that printing is permitted solely to enable

18   use of source code in filings and proceedings.  Upon printing any such

19   portions of source code, the printed pages shall be collected by the

20   Designating Party and a copy of all such pages shall be given to the

21   receiving party within two (2) business days absent an objection by the

22   Designating Party.  The printed pages shall constitute part of the source code

23   produced by the Designating Party in this action.  If the Designating Party

24   objects that the printed portions are excessive and/or not reasonably

25   necessary for a permitted purpose, the Designating Party shall make such

26   objection within two (2) business days and shall withhold the copies for no

27   more than seven (7) days from making the objection, during which time the

28   parties shall meet-and-confer regarding any such objection.  If, after meeting

-10-

and conferring during those seven (7) days, the Designating Party and the receiving party cannot resolve the objection, the Designating Party shall have an additional seven (7) days to seek a Court resolution of whether the printed source code in question is excessive and/or not reasonably necessary for a permitted purpose as provided herein.  The parties expressly agree that the printed portions shall be no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere.

d.      All persons who will review a Designating Party's source code on behalf of a receiving party shall be identified in writing to the Designating Party at least five (5) days in advance of the first time that such person reviews such source code.  Such identification shall be in addition to any disclosure required under Paragraph 13 of this Protective Order.   All persons viewing source code shall sign on each day they view source code a log that will include the names of persons who enter the locked room to view the source code and when they enter and depart.  The Designating Party shall maintain the log.

e.      Unless otherwise agreed in advance by the parties in writing, following each day on which inspection is done under this Protective Order, the receiving party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information.   The Designating Party shall not be responsible for any items left in the room following each inspection session, and the receiving party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

f.      Other than as provided in Paragraph 18(c) above, the receiving party will not transmit any source code in any way from the Designating

-11-

Party's facilities or the offices of its outside counsel of record and will not copy, remove, or otherwise transfer any source code from the Source Code Computer including, without limitation, copying, removing, or transferring the source code onto any other computers or peripheral equipment, including without limitation recording devices, cell phones, cameras, peripheral equipment, laptops, drives, CDs, DVDs, memory, sound recorders, or recordable media.

g.    The receiving party's outside counsel of record may make no more than three (3) additional paper copies of any portions of the source code received from a Designating Party pursuant to Paragraph 18(d), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the source code received from a Designating Party that are delivered by the receiving party to any qualified person under Paragraph 6 above.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  Upon three (3) day's advance notice to the receiving party by the Designating Party, the receiving party shall provide a copy of this log to the Designating Party.

h.    The receiving party's outside counsel of record and any person receiving a copy of any source code shall maintain and store any paper copies of the source code at their offices in a manner that prevents duplication of or unauthorized access to the source code, including, without limitation, storing the source code in a locked room or cabinet at all times when it is not in use.

i.    For depositions, the receiving party shall only be allowed to bring three (3) copies of any printed source code it wishes to use at the deposition. Copies of source code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition

-12-

transcripts; rather, the deposition record will identify the exhibit by its production numbers.   All paper copies of source code brought at the deposition shall be returned to the Designating Party following the deposition.

**j.**      Except as provided in this paragraph, absent express written permission from the Designating Party, the receiving party may not create electronic images, or any other images, or make electronic copies, of the source code from any paper copy of source code for use in any manner (including by way of example only, the receiving party may not scan the source code to a PDF or photograph the code).  Images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  If a party reasonably believes that it needs to submit a portion of source code as part of a filing with the Court, the party will file any exhibit(s) containing a portion of source code under seal. Any briefs or other documents referencing the source code shall also be filed under seal. If a Designating Party agrees to produce an electronic copy of all or any portion of its source code or provide written permission to the receiving party that an electronic or any other copy needs to be made for a Court filing, the receiving party's communication and/or disclosure of electronic files or other materials containing any portion of source code (paper or electronic) shall at all times be limited to solely individuals who are expressly authorized to view source code under the provisions of this Protective Order.  In case where the Designating Party has provided the express written permission required under this provision for a receiving party to create electronic copies of source code, the receiving party shall maintain a log of all such electronic copies of any portion of source code in its possession or in the possession of its retained consultants,

including the names of the reviewers and/or recipients of any such electronic copies, and the locations where the electronic copies are stored. Additionally, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" as provided for in the Protective Order. The existence of this Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Order.

**Non-Party Information.**

19. The existence of this Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Order.

**Conclusion of Litigation.**

20. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the Designating Party all materials and documents containing Confidential Information or Confidential Attorney Eyes Only Information, and to certify to the Designating Party that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Order.

**Prosecution Bar.**

21.    Any attorneys, patent agents, independent experts or consultants , or other persons who receive and review on Plaintiff's behalf any material designated by Defendant as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (excluding purely financial documents) or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" , shall not be involved, directly or indirectly, in patent prosecution (including without limitation advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of applications, specifications, claims, and/or responses to office actions, or otherwise affecting the disclosure in patent applications or specifications or the scope of claims in patents or patent applications, whether in original prosecution, reissue, or reexamination) relating to either the technology of the patent-in-suit or the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" material before any foreign or domestic agency, including the United States Patent and Trademark Office, on behalf of a patentee.  This prohibition is not intended to and shall not preclude counsel from participating in reexamination proceedings on behalf of a Party challenging the validity of a patent.  This prohibition shall not preclude affected individuals from disclosing non-confidential material to prosecution counsel for purposes of disclosure to the USPTO.  This prohibition shall begin when access to "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" (excluding purely financial documents) or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" material is first received by the affected individual, and shall end two (2) years after the final resolution of this action, including all appeals.  For the avoidance of doubt, any attorneys, patent agents, independent experts or consultants who have received and reviewed on Plaintiff's behalf any material designated by Defendant as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY

-15-

1   CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE"
2   may still discuss publicly available papers that either have been filed in this
3   litigation or specifically referenced in a pleading filed in this litigation with client
4   representatives, and such discussions alone shall not constitute involvement in the
5   prosecution of such applications.  The provisions of this Paragraph do not apply to
6   any court personnel involved in this litigation.

7         22.     Any attorneys, patent agents, independent experts or consultants , or
8   other persons who receive and review on Defendant's behalf any material
9   designated by Plaintiff as "CONFIDENTIAL – ATTORNEYS' EYES ONLY"
10  (excluding purely financial documents)  or "HIGHLY CONFIDENTIAL –
11  OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE"  , shall not be
12  involved, directly or indirectly, in patent prosecution (including without limitation
13  advising on, consulting on, preparing, prosecuting, drafting, editing, and/or
14  amending of applications, specifications, claims, and/or responses to office actions,
15  or otherwise affecting the disclosure in patent applications or specifications or the
16  scope of claims in patents or patent applications, whether in original prosecution,
17  reissue, or reexamination) relating to either the technology of the patent-in-suit or
18  the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY
19  CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE"
20  material before any foreign or domestic agency, including the United States Patent
21  and Trademark Office, on behalf of a patentee.  This prohibition is not intended to
22  and shall not preclude counsel from participating in reexamination proceedings on
23  behalf of a Party challenging the validity of a patent.  This prohibition shall not
24  preclude affected individuals from disclosing non-confidential material to
25  prosecution counsel for purposes of disclosure to the USPTO.  This prohibition
26  shall begin when access to "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES
27  ONLY" (excluding purely financial documents) or "HIGHLY CONFIDENTIAL –
28  OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" material is first

-16-

received by the affected individual, and shall end two (2) years after the final resolution of this action, including all appeals.  For the avoidance of doubt, any attorneys, patent agents, independent experts or consultants who have received and reviewed on Defendant's behalf any material designated by Plaintiff as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" may still discuss publicly available papers that either have been filed in this litigation or specifically referenced in a pleading filed in this litigation with client representatives, and such discussions alone shall not constitute involvement in the prosecution of such applications.  The provisions of this Paragraph do not apply to any court personnel involved in this litigation.

**Other Proceedings.**

23.   By entering this Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who may be subject to a motion to disclose another party's information designated Confidential pursuant to this Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies.**

24.   This Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Order in contempt. All other remedies available to any person injured by a violation of this Order are fully reserved.

25.   Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Order.

**Miscellaneous.**

26.     This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

-18-

27.   This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:


DATED:  March 13, 2012                    O'MELVENY & MYERS LLP

                                          By:  /s/ Darin W. Snyder
                                                   Darin W. Snyder
                                                   Luann L. Simmons
                                                   Darin J. Glasser
                                                   Alan D. Tse
                                          Attorneys for Defendant Hulu, LLC

DATED:  March 13, 2012                    FREIDMAN, SUDER & COOKE

                                          By:
                                                   Jonathan T. Suder
                                                   Corby R. Vowell
                                                   Glenn S. Orman
                                          Attorneys for Plaintiff Intertainer, Inc.


        Based on the stipulation of the parties and for good cause shown, IT IS SO ORDERED.


DATED:  March  15, 2012

                                          _____
                                          Hon. Robert N. Block
                                          United States Magistrate Judge

-19-

**Exhibit A**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| INTERTAINER, INC., | **CASE NO. SACV 11-01208 CJC (RNBx)** |
| Plaintiff, | |
| vs. | |
| HULU, LLC, | |
| Defendant. | |

## CONFIDENTIALITY AGREEMENT FOR EXPERT, CONSULTANT, OR EMPLOYEES OF ANY PARTY

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information," or "Confidential Attorney Eyes Only Information," as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information or Confidential Attorney Eyes Only Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge. I also agree to notify

any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information or Confidential Attorney Eyes Only Information are to be returned to counsel who provided me with such documents and materials.

Executed on _____

_____

[printed name]

_____

[signature]

OMM_US:70639056